**SCOTT, Petitioner, v. SACKS, Warden, Ohio Penitentiary, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6347. Decided March 15, 1960.

James C. Scott, Columbus, for himself.

Mark McElroy, Atty. Genl., Aubrey Wendt, Asst. Atty. Genl., Columbus, for respondent.

(GRIFFITH, J, of the Seventh District, sitting by designation in the Tenth District.)

## OPINION

By BRYANT, PJ.

James C. Scott, petitioner, has filed an original action in this court seeking a writ of habeas corpus to procure his release from the custody of Beryle C. Sacks, Warden of the Ohio Penitentiary, respondent.

This court under date of January 18, 1960, entered an order commanding the respondent to produce the petitioner in court for a hearing on the allegations of the petition and to show cause why he detains the petitioner in the Ohio Penitentiary:

On the day set for the hearing, respondent produced the petitioner in court and filed a return stating that Scott had been a prisoner in the Ohio Penitentiary since February 21, 1959, under authority of an order and mittimus issued by the Common Pleas Court of Summit County pur-

suant to the conviction of Scott in that court of the crime of armed robbery. Attached to the return was a photostat copy of the journal entry of the Summit County Common Pleas Court duly certified, reciting the proceedings which were had in the case of Scott and the sentence and judgment of the court that Scott be imprisoned in the Ohio Penitentiary for from ten to twenty-five years as provided in §2901.13 et seq, R. C., for the crime of armed robbery.

On behalf of Scott there are three grounds or reasons set forth which he contends are sufficient to warrant his release on a writ of habeas corpus. The first ground asserts there is an alleged defect in the indictment in that it fails to contain the words, "with intent to steal." Sec. 2941.07 R. C., authorizes the use of short forms in charging criminal offenses and in the case of robbery authorizes the charge in the following language:

"A. B. by force and violence robbed C. D. of (describe property)."

While the charge in this case is armed robbery, the only additional language required would relate to the phrase, "while armed with a pistol, knife or other dangerous weapon," the language which distinguishes the crime of armed robbery from unarmed robbery. Further, §2941.29 R. C., requires that objections to alleged defects either in form or substance of an indictment must be made prior to the commencement of the trial. This section reads as follows:

"No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits."

It must be remembered that an action for a writ of habeas corpus is a civil action and that the burden is upon the petitioner to prove the various allegations needed to sustain his cause of action. The fact is that no copy of the indictment was produced at the hearing and hence it is impossible for this court to determine whether or not the indictment is sufficient. For the benefit of the petitioner, however, we have made the observation set forth above to which we merely add that habeas corpus is not a substitute for an appeal, and matters which may properly be reviewed upon appeal do not form the basis for an action in habeas corpus.

What has been said above in part will dispose of the second and third grounds alleged by the petitioner. The second ground is that he was denied the effective assistance of counsel and the third, that evidence of prior convictions was introduced by the prosecutor. Both of these alleged grounds, if properly supported by evidence and the record, could have been brought to the attention of the court authorized to hear this case upon appeal. There was simply no evidence before this court as to whether trial counsel was or was not effective nor whether the evidence of prior convictions was or was not properly introduced.

At the time of the hearing the court was advised that counsel representing the petitioner could not be present for the hearing but desired to submit a memorandum on behalf of the petitioner. This memorandum has been filed and has been given careful consideration by the court. The petitioner also has addressed a letter to this court which corrects alleged errors in the memorandum filed by the petitioner's attorney. Unfortunately, both documents deal with questions of evidence and identification and are entirely out of place in this proceeding. It should be quite clear to all concerned that the Common Pleas Court not only has jurisdiction to try and determine criminal cases but that in case of felony it is the only court which can conduct the trial for a determination of the guilt or innocence of a defendant charged with a felony.

For the reasons above set forth the court is of the opinion the petitioner in this case has failed to maintain the burden imposed on him and is not entitled to a writ of habeas corpus. The writ will therefore be denied and the petitioner will be remanded to the custody of the Warden of the Ohio Penitentiary.

DUFFY and GRIFFITH, JJ, concur.